UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                              :
                                                   :        Chapter: 7
Enrico Rubano,                                     :
                                                   :        Case No. 22-22784-SHL
                                                   :
            Debtor.                                :
                                                   :
------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 362(d)
### MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, dated February 6, 2023 (the "Motion"), of JPMorgan Chase Bank, National Association (with any subsequent successor or assign, the "Creditor"[1]), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in 46 Sharp Street, Haverstraw, NY 10927 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on March 8, 2023; [and the above-captioned debtor (the "Debtor") having opposed the relief requested in the Motion (the "Objection");][2] [and there being no opposition to the requested relief;] [and the Court having directed the Creditor on the record of the Hearing to settle an order on five days' notice on the Debtor; and the Creditor having settled [,

---

[1] Alternatively, the defined term for the movant can be, as appropriate, "Landlord," "Mortgagee," or the like.

[2] The preceding bracketed clause is appropriate if the Debtor has filed written opposition to the Motion or appeared at the Hearing opposing the Motion. The bracketed clause following the footnote will be appropriate when neither the Debtor nor any other party has either filed written opposition to the Motion or appeared in opposition thereto at the Hearing. If a party other than the Debtor objects, the bracketed clause preceding the footnote should be revised accordingly.

without objection,] this form of order on the Debtor; [and the Debtor having filed an objection (the "Objection") thereto;]][3] and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

ORDERED that the Creditor shall promptly report and turn over to the chapter 7 trustee any surplus proceeds of the Property.[4]

Dated: White Plains, New York

_____ __, _____

_____
Hon. Sean H. Lane
United States Bankruptcy Judge

---

[3] The immediately preceding larger bracketed clause is for situations in which the Court directed settlement of an order, and has language in the sub-bracketed clauses for situations of (i) opposition and (ii) no opposition, to the settled order. If there was opposition to the Motion, referenced in footnote 3, and opposition to the settled order, there should be different defined terms for the two objections, e.g., "Objection to Motion" and "Objection to Settled Order" with both together defined as the "Objections."

[4] Additional decretal paragraphs may be added, as appropriate, for other relief sought in the Motion, such as in rem relief.

2